# INDEX OF EXHIBITS TO NOTICE OF REMOVAL

| Exhibit No. | Document | Page Nos. |
|---|---|---|
| **A** | Complaint | 1 - 31 |
| **B** | Summons | 32 - 34 |
| **C** | Consents to Removal | 35 - 49 |

# EXHIBIT "A"
# Complaint

Electronically Filed
10/5/2017 2:27 PM
Steven D. Grierson
CLERK OF THE COURT

COMP

G. MARK ALBRIGHT, ESQ.
Nevada Bar 001394
D. CHRIS ALBRIGHT, ESQ.
Nevada Bar No. 004904
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
Tel: (702) 384-7111
Fax: (702) 384-0605
gma@albrightstoddard.com
dca@albrightstoddard.com

E. POWELL MILLER, ESQ. (P39487)
CHRISTOPHER D. KAYE, ESQ. (P61918)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 595-3332
epm@millerlawpc.com
cdk@millerlawpc.com
*Attorneys for Plaintiff*

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

N5HYG, LLC, a Michigan limited liability company; and NEVADA 5, INC., a Nevada corporation,

Plaintiffs,

vs.

HYGEA HOLDINGS CORP., a Nevada corporation; MANUEL IGLESIAS; EDWARD MOFFLY; DANIEL T. MCGOWAN; FRANK KELLY; MARTHA MAIRENA CASTILLO; LACY LOAR; RICHARD WILLIAMS, ESQ.; GLENN MARICHI, M.D.; KEITH COLLINS, M.D.; JACK MANN, M.D.; THE ESTATE OF HOWARD SUSSMAN, M.D.; JOSEPH CAMPANELLA; CARL ROSENCRANTZ; and RAY GONZALEZ; DOES I-XXX; and ROES I-XXX, inclusive,

Defendants.

CASE NO.: A-17-762664-B

DEPT. NO.: Department 25

**COMPLAINT AND JURY DEMAND**

Arbitration Exemption Claimed: Matter Seeks Extraordinary Equitable Relief, Including Rescission of Contract

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

## COMPLAINT AND JURY DEMAND

**COME NOW**, Plaintiffs, N5HYG, LLC, a Michigan limited liability company, and NEVADA 5, INC., a Nevada corporation (hereinafter "Plaintiffs"), by and through their undersigned counsel of record, and as and for its Complaint against Defendants, HYGEA HOLDINGS CORP.; MANUEL IGLESIAS; EDWARD MOFFLY; DANIEL T. MCGOWAN; FRANK KELLY; MARTHA MAIRENA CASTILLO; LACY LOAR; RICHARD WILLIAMS, ESQ.; GLENN MARICHI, M.D.; KEITH COLLINS, M.D.; JACK MANN, M.D.; THE ESTATE OF HOWARD SUSSMAN, M.D.; JOSEPH CAMPANELLA; CARL ROSENCRANTZ; and RAY GONZALEZ (collectively hereinafter "Defendants"), hereby allege and aver as follows:

### THE PARTIES

1. Defendants wrongfully secured $30 million from Plaintiffs, based on their conduct as alleged herein, and have breached their obligations, promises and representations to the Plaintiffs which were made to secure these funds. In doing so, they have continued to rake in funds from new victims.

2. Defendant Hygea Holdings Corp. ("Hygea") is a Nevada corporation with its principal place of business in Miami, Florida. It purports to be engaged in the business of acquiring and managing physician practices and similar medical providers. Its affairs are managed by a Board of Directors, which upon information and belief has fourteen members.

3. Defendant Manuel Iglesias ("Iglesias") is a citizen and resident of the State of Florida. He is the Chief Executive Officer of Hygea and a member of its Board of Directors, although he has recently become nonresponsive to investor communications.

4. Defendant Edward Moffly ("Moffly") is a citizen and resident of the State of Florida. He is the Chief Financial Officer of Hygea and a member of its Board of Directors, although he has recently become nonresponsive to investor communications.

5. Defendant Daniel T. McGowan ("McGowan") is a citizen and resident of the State of New York. He is Chairman of the Board of Directors of Hygea Holdings Corporation.

6. Defendant Frank Kelly ("Kelly") is a citizen and resident of the State of Georgia. He is Vice Chairman of the Board of Directors of Hygea Holdings Corporation.

7. Defendant Martha Mairena Castillo ("Castillo") is a citizen and resident of the State of Florida. She is the CAO and member of the Board of Directors of Hygea Holdings Corporation.

8.      Defendant Lacy Loar ("Loar") is a citizen and resident of the State of Florida. She is a member of the Board of Directors of Hygea Holdings Corporation.

9.      Defendant Richard L. Williams, Esq. ("Williams") is a citizen and resident of the State of Florida. He is the CLO and member of the Board of Directors of Hygea Holdings Corporation.

10.     Defendant Glenn Marrichi, M.D. ("Marrichi") is a citizen and resident of the State of Georgia. He is a member of the Board of Directors of Hygea Holdings Corporation.

11.     Defendant Keith Collins, M.D. ("Collins") is a citizen and resident of the State of Florida. He is a member of the Board of Directors of Hygea Holdings Corporation.

12.     Defendant Jack Mann, M.D. ("Mann") is a citizen and resident of the State of New York. He is a member of the Board of Directors of Hygea Holdings Corporation.

13.     Defendant Howard Sussman, M.D. ("Sussman"), who is presently believed to be deceased, was a citizen and resident of the State of Florida. He was, at all relevant times, a member of the Board of Directors of Hygea Holdings Corporation. Upon information and belief, an estate has been established to administer his assets and liabilities.

14.     Defendant Joseph Campanella ("Campanella") is a citizen and resident of the State of California. He is a member of the Board of Directors of Hygea Holdings Corporation.

15.     Defendant Carl Rosencrantz ("Rosencrantz") is a citizen and resident of the State of Florida. He is a member of the Board of Directors of Hygea Holdings Corporation.

16.     Defendant Ray Gonzalez ("Gonzalez") is a citizen and resident of the State of Florida. He is a member of the Board of Directors of Hygea Holdings Corporation. Together, the Defendants other than Hygea, Iglesias, and Moffly are referred to as the "Other Board Member Defendants."

17.     Upon information and belief, at all times material to this Complaint, Iglesias and Moffly acted with the knowledge, direction, consent, and authorization of the Other Board Member Defendants.

18.     Defendants designated herein as Does and Roes are individuals and legal entities that are liable to Plaintiffs for the claims set forth herein in that they, directly and/or indirectly, participated in the conspiracy alleged herein and/or control the named Defendants set forth herein or are possible alter egos of the above-named Defendants.  If discovery should reveal Defendants

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

are participating in fraudulent transfers for the purpose of avoiding creditors such as Plaintiffs, then the Does and Roes may include members of these entities, the entities themselves, and/or third-party transferees, including but not limited to new entities formed for holding property and assets, and they shall be added as defendants herein. Any such transactions and the true capacities of Does and Roes are presently unknown to Plaintiffs and, therefore, Plaintiffs sue said Defendants by such fictitious names. Plaintiffs will amend their Complaint to assert the true names and capacities of such Does and Roes if and when more information has been ascertained.

19. Plaintiff N5HYG, LLC ("N5HYG") is a limited liability company organized under the laws of the State of Michigan for the purpose of acquiring the shares at issue in this lawsuit. All of its membership shares are owned by Plaintiff Nevada 5, Inc., a corporation organized under the laws of the State of Nevada.

20. Plaintiff Nevada 5, Inc. ("Nevada 5") is a corporation organized under the laws of the State of Nevada.

21. The amount in controversy exceeds $15,000, and venue and jurisdiction are proper in this Court.

## GENERAL ALLEGATIONS

22. In 2016, Defendants Iglesias and Moffly, acting in their capacity as officers and board members of Hygea, approached Nevada 5's agents about the possibility of an investment in Hygea. At all times pertinent to the allegations in this Complaint, Defendants Iglesias and Moffly acted and held themselves out as agents and representatives of Defendant Hygea.

23. At all relevant times pertinent to the allegations in this Complaint, Defendants were aware that representations, documents and other information that Defendants made or gave to Plaintiffs and/or Plaintiffs' authorized agents would be relied upon by Plaintiffs in deciding whether to make a substantial capital investment in Defendant Hygea, and Defendants intended that Plaintiffs would rely on those representations, documents, and other information.

24. Defendants made two interlocking sets of misrepresentations: they misrepresented Hygea's financial performance, and that after Nevada 5's investment Hygea would "go public." In fact, the financial performance turned out to be far worse than Defendants had claimed, and the impaired financial performance rendered a public offering impossible.

25. These representations were made to personnel of RIN Capital. RIN Capital served

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

at all relevant times as Plaintiffs' authorized agent; and whose agency on behalf of Plaintiffs was disclosed and known to Defendants. Defendants were aware that the representations they made to RIN Capital would be relied upon by Plaintiffs in deciding whether to make a substantial capital investment in Defendant Hygea. In short, everyone involved understood that anything communicated to RIN Capital equaled a communication to Plaintiffs. These RIN personnel included Dan Miller, Sean Darin, and Chris Fowler.

26. Over the course of the representations, it became clear that the proposed vehicle for a public offering was a "reverse takeover," or RTO, with a company on the Toronto Stock Exchange. Effectively, the public company would "takeover" Hygea in exchange for the public company's stock, resulting in Hygea's effective presence on the exchange as a new public company. Defendants consistently represented that an RTO was imminent. On June 1, 2016, RIN's Dan Miller met with Iglesias and Moffly in Miami. They represented to him that Hygea was planning on going public in the fourth quarter of 2016.

27. On July 5, 2016, Dan Miller and Sean Darin had dinner in Miami with Iglesias, Moffly, and a representative of an investment bank, CEA, that was purportedly involved in the transaction. They met the next day at Hygea's office. At the July 6, 2016 meeting, Iglesias and Moffly represented to Dan Miller and Sean Darin that Hygea was a successful business that was poised for continued growth and a public offering of its stock.

28. Iglesias and Moffly represented to Plaintiffs that Hygea's business consisted of acquiring medical practices – primarily physician's practices – in Florida and surrounding states. By acquiring and consolidating the practices' non-medical operations, Hygea could supposedly realize value through economies of scale, improvements to billing and insurance coding practices, and more efficient business practices. Ideally, such a system would allow the doctors to concentrate on their medical practices while Hygea ran – and improved – the business side of things.

29. At this meeting and in ensuing communications, Iglesias and Moffly stressed that Hygea was profitable; that Hygea was growing; that the financial statements showed a high-performing company; that audited financial statements showing the supposed growth and success were being prepared and would be available soon; and that Hygea was poised for its RTO. As before, the explicit representation and implicit suggestion was that the planned RTO would be exceedingly remunerative to the shareholders at the time of the RTO.

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

30. Plaintiffs attempted to engage in a due diligence process to decide whether to make that substantial capital investment. On July 26, 2016, Plaintiffs' agent, Sean Darin, sent a due diligence list to Iglesias and Moffly, requesting that Defendants provide certain due diligence documentation and information. On July 27, 2016, Moffly acknowledged receipt of that list and referenced a "data room" and dropbox folder that contained the information Plaintiffs sought.

31. Defendants also provided Plaintiffs with documents and financial information on which they intended Plaintiffs would rely in making their decision as to whether to make a capital, equity investment in Defendant Hygea. The financial information provided up until the time of the investment itself encompassed sometimes-developing numbers that overall reflected a healthy company poised for an imminent RTO.[1] For example:

a. On or around June 27, 2016, Defendants sent RIN a Confidential Information Memorandum, or "CIM," apparently prepared by CEA, representing certain information about Hygea's financial performance. It represented favorable financial performance numbers for 2014 and 2015.

b. On August 2, 2016, Moffly provided Plaintiffs' agent, Dan Miller, with a final quarterly work file being used by third party financial analysts to perform a Quality of Earnings Report ("QoE") and a purported audit of Defendant Hygea's finances.

c. Plaintiffs were provided access to a purported transaction "data room" on approximately August 9, 2016.

d. On August 10, 2016, Defendant Moffly sent to Dan Miller a timeline for Defendant Hygea's public offering, which stated that the public offering would occur by the end of October 2016 at the latest.

e. On September 14, 2016, in response to a request from Plaintiffs' agent Dan Miller, Defendant Moffly formally transmitted the CIM, containing information pertinent to a potential investment deal, including updated unaudited financials. It showed favorable financial performance figures for 2013 through 2015.

[1] Defendants classified this information, and in particular the specific financial figures, as confidential. Defendants have these documents and are in possession of these exact figures. Plaintiffs will supply precise figures after the Court has entered an appropriate protective order or otherwise provided direction on this issue.

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

f. On or about September 16, 2016, Defendant Moffly sent to Dan Miller a proposed deal structure, representing a purported Cormark valuation of Defendant Hygea at a very high level, and claimed that the company was actually ahead of the very favorable projections underlying the figure.

g. In multiple emails on September 20-21, 2016, Defendant Moffly stated that the final trial balances for June 30, 2016 would be finished in a matter of hours with the "consolidation done by [outside accountants] CLA (Clifton Larson Allen, LLP) [. . .] but assembled by our accounting team."

h. On September 20, 2016, Defendant Moffly sent to Plaintiffs' agent Dan Miller a copy of financials, containing balance sheets, income statements, and a statement of cash flows, purportedly done by CPA firm Rodriguez, Trueba & Co. They once again showed a favorable financial performance over the 2013 through 2015 period.

i. In response to Plaintiffs' questions about Hygea's physician compensation structure and agreement issues, employee benefits, possible claims for unpaid bonuses, and Defendant Hygea's potential compliance issues, Defendant Hygea's representatives addressed Plaintiffs' questions via phone and email on September 22, 2016. On or about September 22, 2016, Tom Herrmann, Chief Compliance Officer of Defendant Hygea, provided information via a telephone call with Plaintiffs' agents to address Plaintiffs' compliance questions. On September 22, 2016, Plaintiffs received an email from Defendants' agents, providing context regarding existing physician contracts and bonus provisions.

j. On or around September 27, 2016, Defendants provided RIN with an Offering Memorandum with additional, and once again favorable representations as to Hygea's financial situation.

k. On September 29, 2016, Defendant Moffly sent to Dan Miller an email attaching a capital table structure analysis, purportedly approved by Cormark and Defendant Hygea's board, that projected a favorable 2016 EBITDA.

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

l.    On October 4, 2016, Defendant Moffly on behalf of Defendant Hygea sent to Dan Miller a copy of Hygea's Quality of Earnings Report ("QoE") dated October 3, 2016, which was purportedly prepared by third party CLA, showing once again very favorable performance figures.

m.    The October 3, 2016 QoE also showed for Defendant Hygea in the "trailing twelve months" from June 30, 2015 through June 30, 2016 continued healthy performance.

n.    On October 5, 2016, Defendants Iglesias and Moffly on behalf of Defendant Hygea provided to Dan Miller and others a verification of Defendant Hygea's QoE.

32.    As the deal neared, on September 20, 2016, Moffly told Dan Miller that the pre-RTO "road show" and following "quiet period" was currently scheduled to begin on October 3, 2016 but could be moved back a week if necessary. Once again, the representation was clear: an RTO was only weeks away and the process would begin as soon as Nevada 5 had made its investment.

33.    At no time during these communications did any Defendant inform any representative of Nevada 5 that the purported forthcoming "growth" of Hygea would actually come from new investors, as opposed to earnings, or from non-standard, non-GAAP accounting methods applied to new medical practice acquisitions; or that the RTO would be impossible in light of Hygea's manifold deficiencies.

34.    Eventually, Nevada 5, in reliance upon these representations and omissions, formed N5HYG to execute a Stock Purchase Agreement dated October 5, 2016, which N5HYG did. A copy is in Defendants' possession.

35.    Under the terms of the Stock Purchase Agreement, N5HYG paid $30 million for 23,437,500 shares of Hygea's Common Stock, constituting 8.57% of the outstanding shares. *See* Stock Purchase Agreement § 3.3 (purchase price) and recitals (number of shares and percentage).

36.    In the Stock Purchase Agreement, the parties agreed that the price of $1.82 per share "reflected the fair market value" of the company and that Plaintiffs were buying shares reflecting 8.57 percent of the company. Given that the shares cost $30 million in aggregate, and that $30 million is 8.57 percent of about $350 million, Defendants therefore agreed that the company was worth at least $350 million.

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

37. This valuation reflected and was consistent with the range of financial performance that Defendants had represented Hygea to have been achieving.

38. Under the Stock Purchase Agreement, Defendants were subject to numerous obligations to Plaintiffs, some of which were personally guaranteed by Defendants Iglesias and Moffly.

39. The Stock Purchase Agreement also reflected many of the representations that Defendants had made throughout the negotiations. For example, the Stock Purchase Agreement vouched for the accuracy of the financial statements provided during the negotiations:

> **Attached to Schedule 4.6.1 are true, correct and complete copies of** each of the following: (a) the consolidated audited balance sheets of Seller and the Subsidiaries as of December 31, 2013 and the related statements of profit and loss and changes in equity for the fiscal year then ended (the "2013 Yearly Financials"); and (b) that certain "Hygea Holdings Corp. Quality of Earnings Report Update – TTM June 30, 2016" prepared by independent accounting firm CliftonLarsonAllen LLP, dated as of October 3, 2016, including an unaudited consolidated balance sheet of Seller and the Subsidiaries as of June 30, 2016 (respectively, **the "Most Recent Balance Sheet,"** and the "Most Recent Balance Sheet Date") **and** the related unaudited consolidated statement of profit and loss and changes in equity of Seller and the Subsidiaries for the 6-month period then ended (collectively, **the "Most Recent Financials"**). Seller, together with CPA firm RT&C (Rodriguez, Trueba & Co) is in the process of completing the preparation of the consolidated audited balance sheets of Seller and the Subsidiaries as of December 31, 2014 and December 31, 2015 and the related statements of profit and loss and changes in equity for the fiscal years then ended (the "2014 & 2015 Yearly Financials" and, collectively with the Audited Financials, the "Yearly Financials"), true and correct copies of which shall be provided to Buyer promptly upon completion, but in any event no later than November 30, 2016, which 2014 & 2015 Yearly Financials (together with the Most Recent Financials), when completed and provided to Buyer, shall reflect shareholders' equity as of June 30, 2016 ….. The Most Recent Financials and the Yearly Financials are referred to herein collectively as the "Financials." Section 4.6.1. *See also* Section 4.25 (representation that "All of the books and records of Seller and each Subsidiary have been maintained in the Ordinary Course of Business and fairly reflect, in all material respects, all transactions of the Business.")(emphasis added).

40. These financial attachments continued the rosy representations; were consistent with ranges of performance previously represented; and constituted Defendants' concluding, warranted representations.

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

41.     Defendant Hygea provided a certificate of satisfaction, dated October 5, 2016 and signed by Defendant Iglesias in his capacity as President and CEO, which stated that "[t]he representations and warranties of Seller made in the Purchase Agreement are true and correct in all respects at and as of the date hereof with the same force and effect as if made as of the date hereof."

42.     After Plaintiffs' purchase, Plaintiffs learned that these representations had been incorrect and that Defendants had hidden the truth from them. The information showing that the representations were false and that material facts were omitted is uniquely and exclusively in Defendants' possession, despite their contractual, statutory, and common law obligations to provide the information to Plaintiffs. Nonetheless, despite this improper restriction on information, Plaintiffs have been able to learn certain things about Hygea's true status.

43.     First of all, the RTO process did not begin immediately upon Plaintiffs' investment, and the RTO was not completed around the end of 2016 or beginning of 2017 as promised. Despite continued assurances that it will occur, it has never happened.

44.     Moreover, it has recently become apparent that, far from enjoying robust growth, Hygea is running out of cash. It has failed to make certain contractual payments to Plaintiffs and, upon information and belief, it paid its payroll through its American Express account for some time until it was apparently poised to fail to "make payroll" over the last few weeks, until it ultimately was apparently able to do so. Upon information and belief, Hygea owes approximately $10 million to American Express.

45.     Given Hygea's apparent troubles, Hygea hired an outside consultant, FTI, to review its financial performance. Led by an industry expert, FTI has met with constant "roadblocks," as Moffly and Iglesias have refused to share information.

46.     Nonetheless, FTI has been able to reach certain conclusions about Hygea's status. On June 29, 2017, Plaintiffs learned that Defendants were making a partial disclosure of their previous misrepresentations, now representing that Hygea's 2016 EBITDA was  far less than represented before the investment.

47.     But even this "disclosure" was inaccurate. At this June 29, 2017 meeting, a senior FTI representative reported that he had evaluated the claimed "corrected" EBITDA for 2016. He called it "fabricated," and reported that EBITDA was actually about one seventh of the "corrected" figure, with the potential for a similarly meager increase if Hygea could remedy its severe

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

operational deficiencies.

48.     On July 12, 2017, the senior FTI representative called Chris Fowler at RIN. He reported that Hygea was refusing to provide 13 week cash flow projections; that he could not get a hold of the checking accounts; that Hygea's headquarters lacked access to the bank accounts, which were under Iglesias and Moffly's personal control; that Iglesias had admitted to "cooking the books" to avoid "issues" with a previous lender; and that Hygea had recently bought new medical practices despite its apparent distress.

49.     Despite the roadblocks he had faced, the senior FTI representative was able to conclude and report to Fowler that "their numbers," that is, Hygea's financial performance figures for 2014 through 2016, "are not the same as the ones they gave" to Plaintiffs during the lead-up to Plaintiffs' investment. He added that he would not "come up with bullshit for [the] auditors," who supposedly would review the financial information.

50.     The senior FTI representative also explained on August 29, 2017 that the QoE could have been inaccurate because Defendants could have imposed constraints on the earnings review or otherwise manipulated the process. For example, Defendants appeared to manipulate the EBITDA figures through enormous medical record account, or "MRA," adjustments and by improperly accounting for medical practice acquisitions.

51.     Upon information and belief, an accountant with one outside accounting firm told Iglesias and Moffly, "You can badger me, but I won't sign off on these" financials that Hygea presented.

52.     In other words, Defendants made representations of a healthy company poised for an imminent RTO, representing robust financial performance within the parameters of a successful and valuable business and concluding with warranted financial information within such parameters. Since Plaintiffs' investment, made in detrimental reliance on those representations, it has become apparent that the business's actual performance fell far short of such parameters.

53.     Moreover, in addition to Section 4.6.1, under Section 6.6 of the Stock Purchase Agreement, Defendants promised to provide accurate and complete 2014 and 2015 financials by November 30, 2016:

> 2014 & 2015 Financials. As promptly as practicable upon their completion, but in no event later than November 30, 2016, Seller shall

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

> deliver true, correct and complete copies of the 2014 & 2015 Financials to Buyer, which 2014 & 2015 Financials shall comport in all respects with the provisions set forth in Section 4.6.

54. This deadline has come and gone, but Defendants have failed, to the date of this complaint, to provide the promised financials. Defendants have also failed to provide the promised projections and assumptions.

55. In recent weeks, the situation has, if anything, deteriorated. FTI has hit a brick wall, with Defendants unwilling or unable to provide rudimentary financial documents and information and unable or unwilling to pay them.

56. Nonetheless, Defendants have continued to pressure outside accountants for an endorsement of Hygea's books.

57. Moreover, subsequent to Plaintiffs' acquisition of Hygea stock, it has become clear that Defendants were baldly misrepresenting to Plaintiffs the value to Hygea of certain acquired medical practices. Even if Hygea acquired the practice late in a calendar year, it was allocating all of the practice's revenue from that year to itself – for example, upon information and belief, Defendants would buy a practice in October and count the practice's January through September income as Hygea's. Defendants' feeble explanation was that this was permitted by preexisting "management agreements." This is both illogical and untrue. The senior FTI representative spoke with Chris Fowler on or about September 6, 2017 and relayed that he had called three separate selling physicians to inquire about the purported management agreements. When he asked the selling physicians about this issue, they all stated that they knew nothing about these supposed "management agreements."

58. In addition, it has become apparent that Defendants continued to emphasize securing new investors to fill their coffers, to the detriment of the business model Defendants represented to Plaintiffs at the time of the Stock Purchase Agreement. In other words, despite the fact that Defendants were supposed to be realizing revenue from their skillful management of the acquired medical practices, such activity was not the primary source of the project's funds, thus adversely impacting the growth and revenue Defendants represented to Plaintiffs would occur.

59. Indeed, the entire theory behind Hygea's business model was that Hygea would realize efficiencies from effective business and accounting practices. Such a theory is entirely at odds with the way Defendants have actually run the operation (and, unbeknownst to Plaintiffs, at

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

odds with the way Defendants were running the operation at the time of the Stock Purchase Agreement). Among other, worse things, this reflects Defendants' disorganized accounting and ineffective management.

60. As Defendants' fraud has become apparent, Iglesias and Moffly have begun to outright avoid their responsibilities as officers. Moffly sought to resign when asked to sign the financials prepared during his tenure, but ultimately agreed to stay on board to complete the same. But both he and Iglesias have failed to appear for key meetings and refused to engage in communications with important investors and stakeholders. They appear to be in the course of abandoning their scheme and leaving it to their victims to clean up the mess.

61. Defendants have also failed to fulfil numerous other obligations under the Stock Purchase Agreement, some of which were personally guaranteed by Iglesias and Moffly.

62. Though Plaintiffs have pled facts that at least support a strong inference of fraud, the specifics of the full depth and breadth of Defendants' fraud is still currently unknown to Plaintiffs, as many of the documents and specifics regarding the true financial condition of the company—particularly in the 2014 through 2016 time frame—have been concealed and are peculiarly and exclusively within the possession of Defendants. As a result, the Plaintiffs should be allowed to avail themselves of the relaxed pleading standard under NRCP 9(b) and conduct the necessary discovery to learn the specifics of Defendants' fraud hereafter.

63. Plaintiffs' injuries stem from Defendants' misconduct. Hygea's current distress reflects the continuation of the same poor performance that Defendants concealed before Plaintiffs' investment.

64. Plaintiffs are not required to tender back their shares in order to pursue their causes of action set forth in this Complaint. However, on September 18, 2017 they tendered back the shares they acquired under the Stock Purchase Agreement conditioned upon a full return of their purchase price plus interest, with such tender remaining open for 30 days and with such tender communicated to Hygea. This was and remains without prejudice to Plaintiffs' arguments, rights, remedies, claims, and legal theories, including their claims for damages beyond the amount reflected in such tender; it also was and remains without prejudice to Plaintiffs' ability to otherwise tender their shares for purposes of relief, including under their statutory securities fraud claim set forth below for return of their purchase price, plus interest, costs, and reasonable attorneys' fees plus whatever additional

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

relief the Court determines is warranted. To date, Defendants have refused the tender. Unless and until the tender offer is accepted and Plaintiffs are otherwise fully compensated, Plaintiffs are entitled to pursue all remedies, exercise their rights as shareholders, and mitigate their damages.

**FIRST CAUSE OF ACTION**

**Statutory Securities Fraud - (alleged by all Plaintiffs against all Defendants and Roes and Does)**

65. Plaintiffs restate each allegation as set forth above.

66. For purposes of the Uniform Securities Act (the "Act"), at N.R.S. 90.295, the stock that Defendants sold to Plaintiffs was a "security."

67. Under the Act, at N.R.S. 90.570

> In connection with the offer to sell, sale, offer to purchase or purchase of a security, a person shall not, directly or indirectly:
>
> 1. Employ any device, scheme or artifice to defraud;
>
> 2. Make an untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made not misleading in the light of the circumstances under which they are made; or
>
> 3. Engage in an act, practice or course of business which operates or would operate as a fraud or deceit upon a person.

68. As set forth above, Defendants violated the Act by, among other things: employing a device, scheme or artifice to defraud; making at least one untrue statement of a material fact or omitting to state at least one material fact necessary in order to make the statements made not misleading in light of the circumstances under which they are made; and engaging in an act, practice or course of business which operates or would operate as a fraud or deceit upon a person.

69. The Act provides for rescission and civil liability for these violations.

70. Accordingly, Defendants are liable to Plaintiffs for their violation of the Act in selling the securities to Plaintiffs.

WHEREFORE, Plaintiffs pray that this Honorable Court award them a Judgment against Defendants in an amount to be determined and such equitable relief that it deems to be appropriate, including statutory rescission.

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

**SECOND CAUSE OF ACTION**

**Federal Statutory Securities Fraud - (by all Plaintiffs against all Defendants and Roes and Does)**

71. Plaintiffs restate each allegation as set forth above.

72. For purposes of the Securities Act of 1933 (the "Federal Act"), the stock that Defendants sold to Plaintiffs was a "security."

73. Defendants sold the stock to Plaintiffs through interstate commerce and through the means and instrumentalities thereof.

74. The Federal Act further states:

> It shall be unlawful for any person in the offer or sale of any securities (including security-based swaps) or any security-based swap agreement (as defined in section 78c(a)(78) of this title) by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly
>
> (1) to employ any device, scheme, or artifice to defraud, or
>
> (2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
>
> (3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser. 15 U.S.C. § 77q.

75. As set forth above, Defendants violated 15 U.S.C. § 77q through interstate commerce by, among other things, employing a device, scheme or artifice to defraud; making at least one untrue statement of a material fact or omitting to state at least one material fact necessary in order to make the statements made not misleading in the light of the circumstances under which they are made; and engaging in an act, practice or course of business which operates or would operate as a fraud or deceit upon a person.

76. The Federal Act provides for rescission and civil liability for these violations:

> Any person who— . . .
>
> (2) offers or sells a security . . . by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

> to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable, subject to subsection (b), to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security. 15 U.S.C. § 77l.

77. Accordingly, Defendants are liable to Plaintiffs for their violation of the Federal Act in selling the securities to Plaintiffs.

WHEREFORE, Plaintiffs pray that this Honorable Court award them a Judgment against Defendants in an amount to be determined after trial and such equitable relief it deems to be appropriate, including statutory rescission.

**THIRD CAUSE OF ACTION**

**Failure to Comply with State Registration Requirements**
**(alleged by all Plaintiffs against all Defendants and Roes and Does)**

78. Plaintiffs restate each allegation as set forth above.

79. For purposes of the Uniform Securities Act (the "Act"), the stock that Defendants sold to Plaintiffs was a "security."

80. On or around September 28, 2016, Defendants provided RIN with an Offering Memorandum claiming that its offer was being made pursuant to Regulation D under the Securities Act of 1933, purportedly obviating the need for defendant to properly register the security in accordance with federal and state law.

81. It was unlawful for the Defendants to offer to sell or to sell any security unless the security was either registered in accordance with state law pursuant to NRS 90.460 or subject to the exemption provided for a Regulation D offering pursuant to NRS 90.515.

82. Defendants did not register a security in accordance with NRS 90.460.

83. Defendants did not qualify for an exemption in accordance with NRS 90.515. Among other things, Defendants did not file a copy of notice of sale of securities pursuant to Regulation D ("notice of sale") with the Administrator of the Division; Defendants' provision of false information, withholding of information, and failure to provide information as set forth above, rendered the

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

"Regulation D exception" unavailable under 17 CFR 230.500 and 17 CFR 230.502; Defendants failed to file the federal documents required under 17 CFR 230.503; and the purported use of Regulation D was invalid as "part of a plan or scheme to evade the registration provisions of the Act" under 17 CFE 230.500(f).

84.    Defendants failed to register the securities as required by the Federal Act.

85.    All Defendants participated in and oversaw this violative conduct.

86.    The Act provides for rescission and civil liability for these violations.

87.    Accordingly, Defendants are liable to Plaintiffs for their violation of the Act in selling the securities to Plaintiffs.

WHEREFORE, Plaintiffs pray that this Honorable Court award them a Judgment against Defendants in an amount to be determined and such equitable relief that it deems to be appropriate, including statutory rescission.

## FOURTH CAUSE OF ACTION

### Failure to Comply with Federal Registration Requirements
### (alleged by all Plaintiffs against all Defendants and Roes and Does)

88.    Plaintiffs restate each allegation as set forth above.

89.    For purposes of the Securities Act of 1933 (the "Federal Act"), the stock that Defendants sold to Plaintiffs was a "security."

90.    Defendants sold the stock to Plaintiffs through interstate commerce and through the means and instrumentalities thereof.

91.    On or around September 28, 2016, Defendants provided RIN with an Offering Memorandum claiming that its offer was being made pursuant to "Regulation D" under the Federal Act, purportedly obviating the need for defendant to properly register the security in accordance with federal law.

92.    Defendants were in fact ineligible for the "Regulation D exception." For example, Defendants' provision of false information, withholding of information, and failure to provide information as set forth above, rendered the "Regulation D exception" unavailable under 17 CFR 230.500 and 17 CFR 230.502; Defendants failed to file the documents required under 17 CFR 230.503; and the purported use of Regulation D was invalid as "part of a plan or scheme to evade the registration provisions of the [Federal] Act" under 17 CFE 230.500(f).

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

93. Defendants failed to register the securities as required by the Federal Act.

94. The Federal Act provides for rescission and civil liability for these violations.

95. All Defendants participated in and oversaw this violative conduct.

96. Accordingly, Defendants are liable to Plaintiffs for their violation of the Federal Act in selling the securities to Plaintiffs.

WHEREFORE, Plaintiffs pray that this Honorable Court award them a Judgment against Defendants in an amount to be determined and such equitable relief that it deems to be appropriate, including statutory rescission.

**FIFTH CAUSE OF ACTION**

**Control Person Liability under the Nevada Uniform Securities Act**
**(alleged by Plaintiffs against Iglesias, Moffly, and the Other Board Member Defendants)**

97. Plaintiffs restate each allegation as set forth above.

98. Each of Iglesias, Moffly, and the Other Board Members materially engaged in and/or aided Defendant Hygea in the acts, omissions, purchase and sale, and failure to register the securities and other security fraud violations and/or transactions constituting Defendant Hygea's securities fraud in violation of the Nevada Uniform Securities Act in that each of them were the natural persons who acted on behalf of Defendant Hygea in directing or making the misrepresentations and other conduct set forth herein.

99. Plaintiffs sustained and suffered damage proximately caused by the joint concert of action Defendants in an amount exceeding $15,000, including costs, interest, and attorneys' fees.

100. Pursuant to the Uniform Securities Act, Iglesias, Moffly, and the Other Board Members are jointly and severally liable to Plaintiffs with and to the same extent as Defendant Hygea.

101. Pursuant to NRS 90.660, these Defendants are jointly and severally liable to Plaintiffs.

102. Iglesias, Moffly, and the Other Board Members have acted toward Plaintiffs with oppression, fraud, or malice, express or implied, such that Plaintiffs may recover exemplary and punitive damages for the sake of example and by way of punishing Iglesias, Moffly, and the Other Board Members pursuant to NRS 42.005 in an amount in excess of fifteen thousand dollars.

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

WHEREFORE Plaintiffs request that this Court enter a judgment in their favor for the amount of damages to which they are found to be entitled, plus costs and attorneys' fees, and any exemplary and punitive damages, statutory damages, and equitable relief to which they are found to be entitled.

**SIXTH CAUSE OF ACTION**

**Control Person Liability under the Federal Securities Act**
**(alleged by Plaintiffs against Iglesias, Moffly, and the Other Board Member Defendants)**

103. Plaintiffs restate each allegation as set forth above.

104. Iglesias, Moffly, and the Other Board Member Defendants either violated the Federal Act as set forth above, or by or through stock ownership, agency, or otherwise, or pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency, or otherwise, controlled the person(s) who did so.

105. Pursuant to 15 USC 77o, these Defendants are jointly and severally liable to Plaintiffs.

WHEREFORE, Plaintiffs pray that this Honorable Court award them a Judgment against these Defendants in an amount to be determined and such equitable relief that it deems to be appropriate, including statutory rescission.

**SEVENTH CAUSE OF ACTION**

**Common Law Fraud (alleged by all Plaintiffs against all Defendants and Roes and Does)**

106. Plaintiffs restate each allegation as set forth above.

107. As set forth above, Defendants made false representations.

108. Defendants knew or believed the representations were false, or had an insufficient basis for making the representations, and the Defendants' conduct was fraudulent, malicious or oppressive.

109. The Defendants intended to induce the Plaintiffs to act in reliance upon the misrepresentations, in particular, by purchasing the Hygea stock.

110. Plaintiffs justifiably relied upon the misrepresentations.

111. Plaintiffs were injured and damaged as a result of this reliance in an amount exceeding $15,000, including costs, interest, and attorneys' fees.

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

WHEREFORE, Plaintiffs pray that this Honorable Court award them a Judgment against Defendants in an amount to be determined, including all compensatory, exemplary, and punitive damages, costs, interest, and attorneys' fees, and such equitable relief as it deems to be appropriate, including rescission of the Stock Purchase Agreement and the return to Plaintiffs of not less than their $30 million purchase price plus interest.

## EIGHTH CAUSE OF ACTION

### Negligent Misrepresentation (alleged by all Plaintiffs against all Defendants and Roes and Does)

112. Plaintiffs restate each allegation as set forth above.

113. Defendants had a pecuniary interest in selling Hygea stock to Plaintiffs.

114. Defendants supplied false information for the guidance of Plaintiffs in their business transaction, and failed to exercise reasonable care or competence in obtaining or communicating the information.

115. Plaintiffs justifiably and foreseeably relied upon this false information.

116. Plaintiffs were pecuniarily injured and damaged as a result of this reliance in an amount exceeding $15,000, including costs, interest, and attorneys' fees.

WHEREFORE, Plaintiffs pray that this Honorable Court award them a Judgment against Defendants in an amount to be determined, including all compensatory, exemplary, and punitive damages, costs, interest, and attorneys' fees, and such equitable relief as it deems to be appropriate, including rescission of the Stock Purchase Agreement and the return to Plaintiffs of not less than their $30 million purchase price plus interest.

## NINTH CAUSE OF ACTION

### Silent Fraud/Material Omissions (alleged by all Plaintiffs against all Defendants and Roes and Does)

117. Plaintiffs restate each allegation as set forth above.

118. As set forth above, Defendants had: (a) superior knowledge regarding Hygea and their proposed and eventual sale of Hygea stock to Plaintiffs, (b) knowledge which was not within the fair and reasonable reach of the Plaintiffs and which Plaintiffs could not discover by the exercise of reasonable diligence, and/or (c) means of knowledge which were not open to both Defendants and Plaintiffs alike.

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

119. Defendants omitted material facts in their communications with Plaintiffs, and the Defendants' conduct was fraudulent, malicious or oppressive.

120. Plaintiffs relied upon Defendants to communicate to them the true state of facts to enable them to properly, fully, and fairly evaluate the bargain.

121. Plaintiffs were injured and damaged as a result of this reliance in an amount exceeding $15,000, including costs, interest, and attorneys' fees.

WHEREFORE, Plaintiffs pray that this Honorable Court award them a Judgment against Defendants in an amount to be determined, including all compensatory, exemplary, and punitive damages, costs, interest, and attorneys' fees, and such equitable relief as it deems to be appropriate, including rescission of the Stock Purchase Agreement and the return to Plaintiffs of not less than their $30 million purchase price plus interest.

**TENTH CAUSE OF ACTION**

**Breach of Contract (alleged by N5HYG against Hygea, Iglesias, and Moffly)**

122. Plaintiffs restate each allegation as set forth above.

123. The Stock Purchase Agreement was a valid contract to which Hygea, Iglesias, and Moffly are bound.

124. These Defendants breached the Stock Purchase Agreement as set forth above. For example, they have failed to provide the financials and meet other obligations as required, some of which were personally guaranteed by Iglesias and Moffly. On information and belief, these Defendants have breached the Stock Purchase Agreement by way of other acts and/or omissions which further analysis and discovery will reveal.

125. Plaintiffs have been injured and damaged by these breaches in an amount exceeding $15,000, including costs, interest, and attorneys' fees.

WHEREFORE, Plaintiffs pray that this Honorable Court award them a Judgment against Hygea, Iglesias, and Moffly in an amount to be determined and such equitable relief as it deems to be appropriate, including rescission of the Stock Purchase Agreement as discussed further in Count X below.

**ELEVENTH CAUSE OF ACTION**

**Rescission of Contract (alleged by N5HYG against Hygea, Iglesias, and Moffly)**

126. Plaintiffs restate each allegation as set forth above.

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

127. The Stock Purchase Agreement was a contract to which Hygea, Iglesias, and Moffly are bound.

128. These Defendants have failed to perform under the Stock Purchase Agreement as set forth above. For example, they have failed to provide the financials and meet other obligations as required, some of which were personally guaranteed by Iglesias and Moffly, and have denied Plaintiffs the benefits of their stock ownership through their mismanagement, misconduct, and violations of Plaintiffs' rights under the Stock Purchase Agreement and as a shareholder. On information and belief, these Defendants have breached the Stock Purchase Agreement by way of other acts and/or omissions which further analysis and discovery will reveal.

129. This failure of performance defeats the very object of the contract or renders that object impossible of attainment, and/or concerns a matter of such prime importance that the contract would not have been made by Plaintiffs if default in that particular had been expected or contemplated.

130. Plaintiffs have been injured and damaged by these breaches in an amount exceeding $15,000, including costs, interest, and attorneys' fees.

WHEREFORE, Plaintiffs pray that this Honorable Court award them a Judgment against Hygea, Iglesias, and Moffly in an amount to be determined and such equitable relief as it deems to be appropriate, encompassing rescission of the Stock Purchase Agreement and the return to Plaintiffs of not less than their $30 million purchase price plus interest.

**TWELFTH CAUSE OF ACTION**

**Breach of Fiduciary Duty and Waste of Corporate Assets**
**(alleged by all Plaintiffs against Iglesias, Moffly, and the Other Board Member Defendants)**

131. Plaintiffs restate each allegation as set forth above.

132. Iglesias, Moffly, and the Other Board Member Defendants owed a fiduciary duty to Plaintiffs for reasons including, but not limited to, their positions as officers and directors of Hygea. Based on their fiduciary relationships, Iglesias, Moffly, and the Other Board Member Defendants specifically owe Plaintiffs the highest fiduciary obligations in the management and administration of the affairs of Hygea, including oversight of compliance with federal laws and securities regulations.

133. These Defendants breached these duties.

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

134. These breaches have proximately caused injuries and damages to Plaintiffs and wasted valuable corporate assets of Hygea in an amount exceeding $15,000, including costs, interest, and attorneys' fees.

WHEREFORE, Plaintiffs pray that this Honorable Court award them a Judgment against Iglesias, Moffly, and the Other Board Member Defendants in an amount to be determined and such equitable relief as it deems to be appropriate.

**THIRTEENTH CAUSE OF ACTION**

**Breach of the Duty of Candor (alleged by all Plaintiffs against Iglesias, Moffly, and the Other Board Member Defendants)**

135. Plaintiffs restate each allegation as set forth above.

136. Iglesias, Moffly, and the Other Board Member Defendants owed a duty of candor to Plaintiffs for reasons including, but not limited to, their positions as officers and directors of Hygea.

137. Iglesias, Moffly, and the Other Board Member Defendants issued, caused to be issued, and/or disseminated false and misleading information regarding, among other things, the finances of Hygea, Hygea's business model, and the conduct of Hygea's officers and directors, as described herein.

138. By these actions, Iglesias, Moffly, and the Other Board Member Defendants breached their respective duties of candor owed to Plaintiffs and Hygea's other shareholders.

139. These breaches have proximately caused injuries and damages to Plaintiffs in an amount exceeding $15,000, including costs, interest, and attorneys' fees.

WHEREFORE, Plaintiffs pray that this Honorable Court award them a Judgment against Iglesias, Moffly, and the Other Board Member Defendants in an amount to be determined and such equitable relief as it deems to be appropriate.

**FOURTEENTH CAUSE OF ACTION**

**Breach of the Duty of Loyalty (alleged by all Plaintiffs against Iglesias, Moffly, and the Other Board Member Defendants)**

140. Plaintiffs restate each allegation as set forth above.

141. Iglesias, Moffly, and the Other Board Member Defendants owed a duty of loyalty to Plaintiffs for reasons including, but not limited to, their positions as officers and directors of Hygea.

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

142. The wrongful conduct of Iglesias, Moffly, and the Other Board Member Defendants, as more fully described herein, breached their respective duties of loyalty to Plaintiffs.

143. These breaches have proximately caused injuries and damages to Plaintiffs in an amount exceeding $15,000, including costs, interest, and attorneys' fees.

WHEREFORE, Plaintiffs pray that this Honorable Court award them a Judgment against Iglesias, Moffly, and the Other Board Member Defendants in an amount to be determined and such equitable relief as it deems to be appropriate.

**FIFTEENTH CAUSE OF ACTION**

**Minority Shareholder Oppression (alleged by N5HYG against Iglesias, Moffly, and the Other Board Member Defendants, with Hygea as a nominal Defendant to the extent necessary to afford complete relief)**

144. Plaintiffs restate each allegation as set forth above.

145. Hygea has a limited number of shareholders and is not a publically traded corporation.

146. Iglesias, Moffly, and the Other Board Member Defendants have control and have exercised control over Hygea.

147. N5HYG is a minority shareholder of Hygea.

148. Iglesias, Moffly, and the Other Board Member Defendants have abused their position of control over Hygea to violate N5HYG's rights as a shareholder.

149. N5HYG has been injured and damaged thereby in an amount exceeding $15,000, including costs, interest, and attorneys' fees.

WHEREFORE, Plaintiffs pray that this Honorable Court award them a Judgment against Defendants in an amount to be determined and such equitable relief as it deems to be appropriate.

**SIXTEENTH CAUSE OF ACTION**

**Tortious Interference with Contract (alleged as to Defendants Iglesias, Moffly, and the Other Board Member Defendants)**

150. Plaintiffs reallege the previous paragraphs as if set forth here.

151. Plaintiffs invested in Hygea and N5HYG entered into the Stock Purchase Agreement.

152. Iglesias, Moffly, and the Other Board Member Defendants knew about this contract and undertook intentional acts intended or designed to disrupt the contractual relationship. These acts have disrupted the contract and effectively negated any benefit to Plaintiffs from their

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

investment through the conduct set forth above, and have caused Hygea to breach its obligations to N5HYG under the Stock Purchase Agreement.

153. These breaches have injured and damaged Plaintiffs in an amount exceeding $15,000, including costs, interest, and attorneys' fees.

154. These Defendants caused these breaches intentionally in order to wrongfully secure Plaintiffs' money for their own purposes.

WHEREFORE Plaintiffs requests that this Court enter a judgment in their favor for the amount of compensatory and exemplary and punitive damages to which they are found to be entitled, plus costs and attorneys' fees, and any equitable relief to which they are found to be entitled.

**SEVENTEENTH CAUSE OF ACTION**

**Civil Conspiracy (alleged as to all Defendants and Roes and Does)**

155. Plaintiffs reallege the previous paragraphs as if set forth here.

156. Defendants had an agreement or preconceived plan to commit the wrongful conduct set forth above, including to mislead Plaintiffs into acquiring Hygea stock, to refuse to honor the promises made to Plaintiffs after such acquisition, and to otherwise violate N5HYG's rights as a shareholder.

157. Defendants intended to achieve an unlawful result.

158. Defendants acted in furtherance of their agreement.

159. There was concerted action between and among Defendants.

160. Defendants wrongfully conspired with each other with the intent to and for the illegal purposes set forth above, including to mislead Plaintiffs into acquiring Hygea stock, to refuse to honor the promises made to Plaintiffs after such acquisition, and to otherwise violate N5HYG's rights as a shareholder.

161. These actions have injured and damaged Plaintiffs in an amount exceeding $15,000, including costs, interest, and attorneys' fees.

WHEREFORE, Plaintiffs pray that this Honorable Court award them a Judgment against Defendants in an amount to be determined and such equitable relief as it deems to be appropriate, including rescission of the Stock Purchase Agreement and the return to Plaintiffs of an amount not less than their $30 million purchase price plus interest.

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

**EIGHTEENTH CAUSE OF ACTION**

**Concert of Action (alleged as to all Defendants and Roes and Does)**

162. Plaintiffs reallege the previous paragraphs as if set forth here.

163. Defendants engaged in a concert of action under which individually and collectively they acted tortiously pursuant to a common design by the conduct set forth above, including to mislead Plaintiffs into acquiring Hygea stock, to interfere with the promises made to Plaintiffs after such acquisition, and to otherwise violate N5HYG's rights as a shareholder.

164. Defendants jointly engaged in tortious activity.

165. Each of the Defendants is liable for the harm caused by the others because all acted jointly.

166. Plaintiffs sustained and suffered damage proximately caused by the joint concert of action Defendants in an amount exceeding $15,000, including costs, interest, and attorneys' fees.

WHEREFORE Plaintiffs request that this Court enter a judgment in their favor for the amount of damages to which they are found to be entitled, plus costs and attorneys' fees, and any equitable relief to which they are found to be entitled, including rescission of the Stock Purchase Agreement and the return to Plaintiffs of an amount not less than their $30 million purchase price plus interest.

**NINETEENTH CAUSE OF ACTION**

**Unjust Enrichment (alleged as to Defendants Iglesias, Moffly, and the Other Board Member Defendants)**

167. Plaintiffs reallege the previous paragraphs as if set forth here.

168. Each of Iglesias, Moffly, and the Other Board Members was or is being unjustly compensated by Hygea and its shareholders, despite the failure of their stewardship of Hygea and their personal implication in the wrongdoing set forth herein.

169. Each of the Defendants who have been unjustly enriched by the wrongdoing set forth in this Complaint should be required to account for and repay the amounts by which they have been unjustly enriched together with their earnings thereupon.

WHEREFORE Plaintiffs request that this Court enter a judgment in their favor for the amount of damages to which they are found to be entitled, plus costs and attorneys' fees, and any equitable relief to which they are found to be entitled, including rescission of the Stock Purchase

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

Agreement and the return to Plaintiffs of an amount not less than their $30 million purchase price plus interest.

**TWENTIETH CAUSE OF ACTION**

**Constructive Fraud (alleged as to all Defendants)**

170. Plaintiffs reallege the previous paragraphs as if set forth here.

171. By virtue of the lengthy negotiations of the parties, the claimed expertise of Defendants Hygea, Iglesias, Moffly, and the Other Board Members in owning and operating businesses like Defendant Hygea, Defendants' represented and purported business model of Defendant Hygea, the central role Defendants Iglesias and Moffly would have in managing the day to day operations of Defendant Hygea, and Defendants' purported investment partners and the purported role of additional investors, the parties had a special and confidential relationship whereby Plaintiffs reposed special confidence in Defendants and relied upon Defendants to provide truthful and accurate information regarding the business and affairs of Defendant Hygea so that Plaintiffs could properly evaluate the risks and benefits associated with making an equity investment in Defendant Hygea before entering into the Stock Purchase Agreement.

172. Defendants breached this special and confidential relationship by providing them with false and/or fraudulent financial documents, misrepresenting and/or omitting material information related to the financial status of Defendants and the potential profitability of Defendant Hygea, as set forth herein, in order to induce Plaintiffs into executing the Stock Purchase Agreement.

173. Plaintiffs sustained and suffered damage proximately caused by the joint concert of action Defendants in an amount exceeding $15,000, including costs, interest, and attorneys' fees.

174. Defendants Hygea, Iglesias, Moffly, and the Other Board Members have acted toward Plaintiffs with oppression, fraud, or malice, express or implied, such that Plaintiffs may recover exemplary and punitive damages for the sake of example and by way of punishing Defendants Hygea, Iglesias, Moffly, and the Other Board Members pursuant to NRS 42.005 in an amount in excess of ten thousand dollars.

WHEREFORE Plaintiffs request that this Court enter a judgment in their favor for the amount of damages to which they are found to be entitled, plus costs and attorneys' fees, and any exemplary and punitive damages, statutory damages, and equitable relief to which they are found to

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

be entitled, including rescission of the Stock Purchase Agreement and the return to Plaintiffs of an amount not less than their $30 million purchase price plus interest.

**TWENTY-FIRST CAUSE OF ACTION**

**Claim for Accounting (by Plaintiff N5HYG against Iglesias, Moffly, and the Other Board Member Defendants)**

175. Plaintiffs restate each allegation as set forth above.

176. Iglesias, Moffly, and the Other Board Member Defendants owed fiduciary duties to Plaintiff N5HYG for reasons including, but not limited to, their positions as officers and directors of Hygea.

177. The relationship between Plaintiff N5HYG and Iglesias, Moffly, and the Other Board Member Defendants is founded in trust and confidence, as more fully established herein.

178. Iglesias, Moffly, and the Other Board Member Defendants have mismanaged and misallocated the funds of Defendant Hygea, and specifically the invested funds of Plaintiff N5HYG.

179. Iglesias, Moffly, and the Other Board Member Defendants have a duty to render an accounting of Defendant Hygea's finances as a result of the fiduciary relationship that exists between them and Plaintiff N5HYG.

WHEREFORE, Plaintiffs pray that this Honorable Court award them a Judgment against Iglesias, Moffly, and the Other Board Member Defendants in an amount to be determined and such equitable relief as it deems to be appropriate, including without limitation an Order requiring Defendants Iglesias, Moffly, and the Other Board Member Defendants to render an accounting to Plaintiff N5HYG, that the Defendants' conduct was fraudulent, malicious, or oppressive thereby entitling Defendants to punitive damages.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment as follows:

A. Plaintiffs pray that this Honorable Court award them a Judgment against Defendants in an amount to be determined and such equitable relief that it deems to be appropriate, including statutory rescission;

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

B. Plaintiffs pray that this Honorable Court award them a Judgment against Defendants in an amount to be determined, in excess of $15,000.00, and such equitable relief that it deems to be appropriate, including statutory rescission;

C. Plaintiffs pray that this Honorable Court award them a Judgment against Defendants in an amount to be determined, including all compensatory, exemplary, and punitive damages, costs, interest, and attorneys' fees, and such equitable relief as it deems to be appropriate, including rescission of the Stock Purchase Agreement and the return to Plaintiffs of not less than their $30 million purchase price plus interest;

D. Plaintiffs pray that this Honorable Court award them a Judgment against Hygea, Iglesias, and Moffly in an amount to be determined and such equitable relief as it deems to be appropriate, including rescission of the Stock Purchase Agreement;

E. Plaintiffs pray that this Honorable Court award them a Judgment against Iglesias, Moffly, and the Other Board Member Defendants in an amount to be determined and such equitable relief as it deems to be appropriate;

F. Plaintiffs request that this Court enter a judgment in their favor for the amount of compensatory and punitive damages to which they are found to be entitled, plus costs and attorneys' fees, and any equitable relief to which they are found to be entitled;

G. Plaintiffs request that this Court enter a judgment in their favor for the amount of damages to which they are found to be entitled, plus costs and attorneys' fees, and any punitive damages, statutory damages, and equitable relief to which they are found to be entitled;

H. Plaintiffs pray that this Honorable Court award them a Judgment against Iglesias, Moffly, and the Other Board Member Defendants in an amount to be determined and such equitable relief as it deems to be appropriate, including without limitation an Order requiring Defendants Iglesias, Moffly, and the Other Board Member Defendants to render an accounting to Plaintiff N5HYG; and

///

///

///

///

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

I. Such relief against Does I-X and Roes I-X as the Court deems appropriate, including such relief as set forth above.

DATED this 5th day of October, 2017.

**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**

G. MARK ALBRIGHT, ESQ.
Nevada Bar No. 001394
D. CHRIS ALBRIGHT, ESQ.
Nevada Bar No. 004904
801 S. Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
Tel: (702) 384-7111
gma@albrightstoddard.com
dca@albrightstoddard.com

E. POWELL MILLER, ESQ. (P39487)
CHRISTOPHER D. KAYE, ESQ. (P61918)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 595-3332
epm@millerlawpc.com
cdk@millerlawpc.com
*Attorneys for Plaintiff*

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

# EXHIBIT "B"
# Summons

10/5/2017 2:30 PM

SUMM
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
G. MARK ALBRIGHT, ESQ.
Nevada Bar No. 1394
D. CHRIS ALBRIGHT, ESQ.
Nevada Bar No. 4904
801 South Rancho Drive, Suite D-4
Las Vegas, NV 89106
Tel: (702) 384-7111
Fax: (702) 384-0605
gma@albrightstoddard.com
dca@albrightstoddard.com

**THE MILLER LAW FIRM**
E. POWELL MILLER, ESQ. *(pro hac vice pending)*
CHRISTOPHER D. KAYE, ESQ., *(pro hac vice pending)*
950 West University Drive, Suite 300
Rochester, MI 48307
Tel: (248) 595-3332
epm@millerlawpc.com
cdk@#millerlawpc.com

*Attorneys for Plaintiffs*

MM 1613 10/25/17 20:05 1/17

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

N5HYG, LLC and NEVADA 5, INC.,

Plaintiffs,

vs.

HYGEA HOLDINGS CORP.; MANUEL IGLESIAS; EDWARD MOFFLY; DANIEL T. McGOWAN; FRANK KELLY; MARTHA MAIRENA CASTILLLO; LACY LOAR; RICHARD WILLIAMS, ESQ., GLENN MARICHI, M.D.; KEITH COLLINS, M.D.; JACK MANN, M.D.; the ESTATE OF HOWARD SUSSMAN, M.D.; JOSEPH CAMPANELLA; CARL ROSENCRANTZ; and RAY GONZALEZ; DOES I-X; and ROES 1-X,

Defendants.

CASE NO.: A-17-762664-B
DEPT. NO.: Department 25

**SUMMONS (RAY GONZALEZ)**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANT **RAY GONZALEZ.** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within **20 days** after this Summons is served on you, exclusive of the day of service, you must do the following:

   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

   b. Serve a copy of your response upon the attorney whose name is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff and this Court may enter judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advise of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members, and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON
**CLERK OF THE COURT**

Submitted by:

ALBRIGHT, STODDARD, WARNICK & ALBRIGHT

G. MARK ALBRIGHT, ESQ.,
Nevada Bar No. 1394
D. CHRIS ALBRIGHT ESQ.
Nevada Bar No. 4904
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
(702) 384-7111
*Attorneys for Plaintiffs*

By: ______________________
Deputy Clerk
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155
Michelle McCarthy

Date
10/6/2017

NOTE: When service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedure 4 (b).

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

# EXHIBIT "C"
# Consents to Removal

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

N5HYG, LLC and NEVADA 5, INC.,

Plaintiffs,

v.

HYGEA HOLDINGS CORP.; MANUEL IGLESIAS; EDWARD MOFFLY; DANIEL T. MCGOWAN; FRANK KELLY; MARTHA MAIRENA CASTILLO; LACY LOAR; RICHARD WILLIAMS, ESQ.; GLENN MARICHI, M.D.; KEITH COLLINS, M.D.; JACK MANN, M.D.; the ESTATE OF HOWARD SUSSMAN, M.D.; JOSEPH CAMPANELLA; CARL ROSENCRANTZ; and RAY GONZALEZ; DOES 1-X; and ROES 1-X,

Defendants.

Case Number:

**DEFENDANT HYGEA HOLDING CORP'S CONSENT TO REMOVAL**

Defendant Hygea Holdings Corp without waiving any affirmative defense or objection to the action (including but not limited to service of process, sufficiency of service of process, or lack of personal jurisdiction) and without submitting to the jurisdiction of this Court, consents to the removal of this action to this Court from the District Court of Clark County, Nevada. Defendant's principal place of business is in Miami, FL, and it is incorporated in the state of Nevada.

Dated: November 15, 2017

Respectfully submitted,

HYGEA HOLDINGS CORP

By: [signature]
Richard L. Williams
Its Secretary
8750 N.W. 36 Street, Suite 300
Miami, FL 33178
786-405-3312

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

N5HYG, LLC and NEVADA 5, INC.,

Plaintiffs,

v.

HYGEA HOLDINGS CORP.; MANUEL IGLESIAS; EDWARD MOFFLY; DANIEL T. MCGOWAN; FRANK KELLY; MARTHA MAIRENA CASTILLO; LACY LOAR; RICHARD WILLIAMS, ESQ.; GLENN MARICHI, M.D.; KEITH COLLINS, M.D.; JACK MANN, M.D.; the ESTATE OF HOWARD SUSSMAN, M.D.; JOSEPH CAMPANELLA; CARL ROSENCRANTZ; and RAY GONZALEZ; DOES 1-X; and ROES 1-X,

Defendants.

Case Number:

**DEFENDANT MANUEL IGLESIAS' CONSENT TO REMOVAL**

Defendant Manuel Iglesias without waiving any affirmative defense or objection to the action (including but not limited to service of process, sufficiency of service of process, or lack of personal jurisdiction) and without submitting to the jurisdiction of this Court, consents to the removal of this action to this Court from the District Court of Clark County, Nevada. I am a citizen of the state of Florida.

Dated: November 15, 2017

Respectfully submitted,

Manuel E. Iglesias
8750 NW 36th Street, Suite 300
Doral, Florida 33178
Tel: (786) 405-3312

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

N5HYG, LLC and NEVADA 5, INC.,

Plaintiffs,

v.

HYGEA HOLDINGS CORP.; MANUEL IGLESIAS; EDWARD MOFFLY; DANIEL T. MCGOWAN; FRANK KELLY; MARTHA MAIRENA CASTILLO; LACY LOAR; RICHARD WILLIAMS, ESQ.; GLENN MARICHI, M.D.; KEITH COLLINS, M.D.; JACK MANN, M.D.; the ESTATE OF HOWARD SUSSMAN, M.D.; JOSEPH CAMPANELLA; CARL ROSENCRANTZ; and RAY GONZALEZ; DOES 1-X; and ROES 1-X,

Defendants.

Case Number:

**DEFENDANT EDWARD MOFFLY'S CONSENT TO REMOVAL**

Defendant Edward Moffly without waiving any affirmative defenses or submitting to the jurisdiction of this Court, hereby expressly consents to the removal of this action to this Court from the District Court of Clark County, Nevada. Defendant Edward Moffly is a citizen of Florida.

Dated: November 14, 2017

Respectfully submitted,

Edward Moffly
8750 NW 36th Street, suite 300
Doral, Florida 33178
Tel: (855) 339-4095

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

N5HYG, LLC and NEVADA 5, INC.,

Plaintiffs,

v.

HYGEA HOLDINGS CORP.; MANUEL IGLESIAS; EDWARD MOFFLY; DANIEL T. MCGOWAN; FRANK KELLY; MARTHA MAIRENA CASTILLO; LACY LOAR; RICHARD WILLIAMS, ESQ.; GLENN MARICHI, M.D.; KEITH COLLINS, M.D.; JACK MANN, M.D.; the ESTATE OF HOWARD SUSSMAN, M.D.; JOSEPH CAMPANELLA; CARL ROSENCRANTZ; and RAY GONZALEZ; DOES 1-X; and ROES 1-X,

Defendants.

Case Number:

**DEFENDANT DANIEL MCGOWAN'S CONSENT TO REMOVAL**

Defendant Daniel McGowan without waiving any affirmative defense or objection to the action (including but not limited to service of process, sufficiency of service of process, or lack of personal jurisdiction) and without submitting to the jurisdiction of this Court, consents to the removal of this action to this Court from the District Court of Clark County, Nevada. Defendant is a citizen of the state of Florida.

Dated: November 15, 2017

Respectfully submitted,

Daniel McGowan (RLW - under express authority)

Daniel McGowan
c/o 8750 NW 36th Street, Suite 300
Doral, Florida 33178
Tel: 855-339-4095

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

N5HYG, LLC and NEVADA 5, INC.,

             Plaintiffs,

           v.

HYGEA HOLDINGS CORP.; MANUEL
IGLESIAS; EDWARD MOFFLY; DANIEL T.
MCGOWAN; FRANK KELLY; MARTHA
MAIRENA CASTILLO; LACY LOAR;
RICHARD WILLIAMS, ESQ.; GLENN
MARICHI, M.D.; KEITH COLLINS, M.D.;
JACK MANN, M.D.; the ESTATE OF
HOWARD SUSSMAN, M.D.; JOSEPH
CAMPANELLA; CARL ROSENCRANTZ; and
RAY GONZALEZ; DOES 1-X; and ROES 1-X,

            Defendants.

Case Number:

**DEFENDANT MARTHA
CASTILLO'S CONSENT TO
REMOVAL**

    Defendant Martha Castillo without waiving any affirmative defense or objection to the action (including but not limited to service of process, sufficiency of service of process, or lack of personal jurisdiction) and without submitting to the jurisdiction of this Court, consents to the removal of this action to this Court from the District Court of Clark County, Nevada. I am a citizen of the state of Florida.

Dated: November 15, 2017

Respectfully submitted,

Martha Castillo
8750 NW 36th Street, Suite 300
Doral, Florida 33178
Tel: 855-339-4095

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

N5HYG, LLC and NEVADA 5, INC.,

Plaintiffs,

v.

HYGEA HOLDINGS CORP.; MANUEL IGLESIAS; EDWARD MOFFLY; DANIEL T. MCGOWAN; FRANK KELLY; MARTHA MAIRENA CASTILLO; LACY LOAR; RICHARD WILLIAMS, ESQ.; GLENN MARICHI, M.D.; KEITH COLLINS, M.D.; JACK MANN, M.D.; the ESTATE OF HOWARD SUSSMAN, M.D.; JOSEPH CAMPANELLA; CARL ROSENCRANTZ; and RAY GONZALEZ; DOES 1-X; and ROES 1-X,

Defendants.

Case Number:

**DEFENDANT LACY LOAR'S CONSENT TO REMOVAL**

Defendant Lacy Loar without waiving any affirmative defense or objection to the action (including but not limited to service of process, sufficiency of service of process, or lack of personal jurisdiction) and without submitting to the jurisdiction of this Court, consents to the removal of this action to this Court from the District Court of Clark County, Nevada. Defendant is a citizen of the state of Florida.

Dated: November 15, 2017

Respectfully submitted,

[signature]

Lacy Loar
c/o 8750 NW 36th Street, Suite 300
Doral, Florida 33178
Tel: 855-339-4095

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

N5HYG, LLC and NEVADA 5, INC.,

Plaintiffs,

v.

HYGEA HOLDINGS CORP.; MANUEL IGLESIAS; EDWARD MOFFLY; DANIEL T. MCGOWAN; FRANK KELLY; MARTHA MAIRENA CASTILLO; LACY LOAR; RICHARD WILLIAMS, ESQ.; GLENN MARICHI, M.D.; KEITH COLLINS, M.D.; JACK MANN, M.D.; the ESTATE OF HOWARD SUSSMAN, M.D.; JOSEPH CAMPANELLA; CARL ROSENCRANTZ; and RAY GONZALEZ; DOES 1-X; and ROES 1-X,

Defendants.

Case Number:

**DEFENDANT RICHARD WILLIAMS' CONSENT TO REMOVAL**

Defendant Richard Williams without waiving any affirmative defense or objection to the action (including but not limited to service of process, sufficiency of service of process, or lack of personal jurisdiction) and without submitting to the jurisdiction of this Court, consents to the removal of this action to this Court from the District Court of Clark County, Nevada. I am a citizen of the state of Florida.

Dated: November 15, 2017

Respectfully submitted,

Richard L. Williams
8750 NW 36th Street, Suite 300
Doral, Florida 33178
Tel: (786) 405-3312

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| N5HYG, LLC and NEVADA 5, INC., Plaintiffs, v. HYGEA HOLDINGS CORP.; MANUEL IGLESIAS; EDWARD MOFFLY; DANIEL T. MCGOWAN; FRANK KELLY; MARTHA MAIRENA CASTILLO; LACY LOAR; RICHARD WILLIAMS, ESQ.; GLENN MARICHI, M.D.; KEITH COLLINS, M.D.; JACK MANN, M.D.; the ESTATE OF HOWARD SUSSMAN, M.D.; JOSEPH CAMPANELLA; CARL ROSENCRANTZ; and RAY GONZALEZ; DOES 1-X; and ROES 1-X, Defendants. | Case Number: **DEFENDANT GLENN MARRICHI'S CONSENT TO REMOVAL** |

Defendant Glenn Marrichi without waiving any affirmative defense or objection to the action (including but not limited to service of process, sufficiency of service of process, or lack of personal jurisdiction) and without submitting to the jurisdiction of this Court, consents to the removal of this action to this Court from the District Court of Clark County, Nevada. Defendant is a citizen of the state of Illinois.

Dated: November 15, 2017

Respectfully submitted,

Glenn Marrichi
c/o 8750 NW 36th Street, Suite 300
Doral, Florida 33178
Tel: 855-339-4095

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| N5HYG, LLC and NEVADA 5, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HYGEA HOLDINGS CORP.; MANUEL IGLESIAS; EDWARD MOFFLY; DANIEL T. MCGOWAN; FRANK KELLY; MARTHA MAIRENA CASTILLO; LACY LOAR; RICHARD WILLIAMS, ESQ.; GLENN MARICHI, M.D.; KEITH COLLINS, M.D.; JACK MANN, M.D.; the ESTATE OF HOWARD SUSSMAN, M.D.; JOSEPH CAMPANELLA; CARL ROSENCRANTZ; and RAY GONZALEZ; DOES 1-X; and ROES 1-X,<br><br>Defendants. | Case Number:<br><br>**DEFENDANT KEITH COLLIN'S CONSENT TO REMOVAL** |

Defendant Keith Collins without waiving any affirmative defense or objection to the action (including but not limited to service of process, sufficiency of service of process, or lack of personal jurisdiction) and without submitting to the jurisdiction of this Court, consents to the removal of this action to this Court from the District Court of Clark County, Nevada. Defendant is a citizen of the state of Florida.

Dated: November 15, 2017

Respectfully submitted,

[signature]

Keith Collins
c/o 8750 NW 36th Street, Suite 300
Doral, Florida 33178
Tel: 855-339-4095

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

N5HYG, LLC and NEVADA 5, INC.,

Plaintiffs,

v.

HYGEA HOLDINGS CORP.; MANUEL IGLESIAS; EDWARD MOFFLY; DANIEL T. MCGOWAN; FRANK KELLY; MARTHA MAIRENA CASTILLO; LACY LOAR; RICHARD WILLIAMS, ESQ.; GLENN MARICHI, M.D.; KEITH COLLINS, M.D.; JACK MANN, M.D.; the ESTATE OF HOWARD SUSSMAN, M.D.; JOSEPH CAMPANELLA; CARL ROSENCRANTZ; and RAY GONZALEZ; DOES 1-X; and ROES 1-X,

Defendants.

Case Number:

**DEFENDANT JACK MANN'S CONSENT TO REMOVAL**

Defendant Jack Mann without waiving any affirmative defense or objection to the action (including but not limited to service of process, sufficiency of service of process, or lack of personal jurisdiction) and without submitting to the jurisdiction of this Court, consents to the removal of this action to this Court from the District Court of Clark County, Nevada. Defendant is a citizen of the state of New York.

Dated: November 15, 2017

Respectfully submitted,

Jack M Mann

Jack Mann
c/o 8750 NW 36th Street, Suite 300
Doral, Florida 33178
Tel: 855-339-4095

DocuSign Envelope ID: CA4A0A3E-9520-4EC0-8BA6-AF687A00A338

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

N5HYG, LLC and NEVADA 5, INC.,

Plaintiffs,

v.

HYGEA HOLDINGS CORP.; MANUEL IGLESIAS; EDWARD MOFFLY; DANIEL T. MCGOWAN; FRANK KELLY; MARTHA MAIRENA CASTILLO; LACY LOAR; RICHARD WILLIAMS, ESQ.; GLENN MARICHI, M.D.; KEITH COLLINS, M.D.; JACK MANN, M.D.; the ESTATE OF HOWARD SUSSMAN, M.D.; JOSEPH CAMPANELLA; CARL ROSENCRANTZ; and RAY GONZALEZ; DOES 1-X; and ROES 1-X,

Defendants.

Case Number:

**DEFENDANT JOSEPH CAMPANELLA'S CONSENT TO REMOVAL**

Defendant Joe Campanella without waiving any affirmative defense or objection to the action (including but not limited to service of process, sufficiency of service of process, or lack of personal jurisdiction) and without submitting to the jurisdiction of this Court, consents to the removal of this action to this Court from the District Court of Clark County, Nevada. Defendant is a citizen of the state of California.

Dated: November 15, 2017

Respectfully submitted,

DocuSigned by:
3ED19474BB8A43D...

Joseph Campanella
c/o 8750 NW 36th Street, Suite 300
Doral, Florida 33178
Tel: 855-339-4095

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

N5HYG, LLC and NEVADA 5, INC.,

Plaintiffs,

v.

HYGEA HOLDINGS CORP.; MANUEL IGLESIAS; EDWARD MOFFLY; DANIEL T. MCGOWAN; FRANK KELLY; MARTHA MAIRENA CASTILLO; LACY LOAR; RICHARD WILLIAMS, ESQ.; GLENN MARICHI, M.D.; KEITH COLLINS, M.D.; JACK MANN, M.D.; the ESTATE OF HOWARD SUSSMAN, M.D.; JOSEPH CAMPANELLA; CARL ROSENCRANTZ; and RAY GONZALEZ; DOES 1-X; and ROES 1-X,

Defendants.

Case Number:

**CARL ROSENKRANTZ'S CONSENT TO REMOVAL**

Carl Rosenkrantz without waiving any affirmative defense or objection to the action (including but not limited to service of process, sufficiency of service of process, or lack of personal jurisdiction) and without submitting to the jurisdiction of this Court, consents to the removal of this action to this Court from the District Court of Clark County, Nevada. Carl Rosenkrantz is a citizen of the state of Florida.

Dated: November 15, 2017

Respectfully submitted,

Rick Katz

R. L. Katz under POA of Carl Rosenkrantz
c/o Law Office of Richard L. Katz
6630 SW 70 Lane
South Miami, FL 33143
305-588-8020
rick@katz.us



UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

N5HYG, LLC and NEVADA 5, INC.,

Plaintiffs,

v.

HYGEA HOLDINGS CORP.; MANUEL IGLESIAS; EDWARD MOFFLY; DANIEL T. MCGOWAN; FRANK KELLY; MARTHA MAIRENA CASTILLO; LACY LOAR; RICHARD WILLIAMS, ESQ.; GLENN MARICHI, M.D.; KEITH COLLINS, M.D.; JACK MANN, M.D.; the ESTATE OF HOWARD SUSSMAN, M.D.; JOSEPH CAMPANELLA; CARL ROSENCRANTZ; and RAY GONZALEZ; DOES 1-X; and ROES 1-X,

Defendants.

Case Number:

DEFENDANT FRANK KELLY'S CONSENT TO REMOVAL

Defendant Frank Kelly without waiving any affirmative defense or objection to the action (including but not limited to service of process, sufficiency of service of process, or lack of personal jurisdiction) and without submitting to the jurisdiction of this Court, consents to the removal of this action to this Court from the District Court of Clark County, Nevada. Defendant is a citizen of the state of Georgia.

Dated: November 15, 2017

Respectfully submitted,



Frank Kelly
c/o 8750 NW 36th Street, Suite 300
Doral, Florida 33178
Tel: 855-339-4095