UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| N5HYG, LLC, et al., | Case No. 2:17-CV-2870 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| HYGEA HOLDINGS CORP., et al., | |
| Defendant(s). | |

Presently before the court is N5HYG, LLC, and Nevada 5, Inc.'s ("plaintiffs") motion to remand. (ECF No. 7). Defendant Ray Gonzalez ("Gonzalez") filed a response (ECF No. 23), to which plaintiffs replied (ECF No. 42).

**I.**     **Facts**

The instant case arises from plaintiffs' investment in a medical holding company, Hygea Holdings, Corp. ("Hygea"). (ECF No. 7). Plaintiffs allege that they were misled into investing $30 million into Hygea, and that the named defendants breached the underlying contract. *Id.*

. . .

. . .

. . .

. . .

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

Plaintiffs filed their complaint in state court on October 5, 2017. *Id.* In their complaint, plaintiffs assert twenty-one (21) causes of action. (ECF No. 1, Ex. A). Three of these causes of action—federal statutory securities fraud, failure to comply with federal registration requirements, and control person liability—arise under federal law, namely the Securities Act of 1933.[1] *Id.* The remainder of plaintiffs' claims invoke state statutory and common law.[2] *Id.*

Gonzalez filed a petition for removal on November 15, 2017. (ECF No. 1). In this petition, Gonzalez claims that this court has federal question jurisdiction over plaintiffs' claims alleged under the Securities Act of 1933 pursuant to 28 U.S.C. § 1331. *Id.* Gonzalez further asserts that this court has supplemental jurisdiction over plaintiffs' claims alleged under state law pursuant to 28 U.S.C. § 1367 because these state claims form part of the same case or controversy as is created by the federal causes of action. *Id.* Invoking 28 U.S.C. § 1441, Gonzalez argues that he has the right to remove this instant case to federal court. *Id.* The other active defendants consented to removal. (ECF No. 1, Ex. C).

Arguing that removal was inappropriate because the Securities Act of 1933 includes a non-removal provision, plaintiffs move to remand their case to state court. (ECF No. 7).

## II. Legal Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

---

[1] While Gonzalez maintains that plaintiffs' fourth cause of action arises under Regulation D, a federal regulation promulgated under the Securities Act of 1933, the complaint makes it clear that plaintiffs maintain only that defendants were ineligible for the Regulation D exception, which affects their compliance with federal registration requirements under the Securities Act of 1933. (ECF Nos. 1, 23).

[2] Plaintiffs also assert state statutory securities fraud; failure to comply with state registration requirements; control person liability under the Nevada Uniform Securities Act; common law fraud; negligent misrepresentation; silent fraud and material omissions; breach of contract; rescission of contract; breach of fiduciary duty and waste of corporate assets; breach of the duty of candor; breach of the duty of loyalty; minority shareholder oppression; tortious interference with contract; civil conspiracy; concert of action; unjust enrichment; constructive fraud; and a claim for accounting. *Id.*

**James C. Mahan**
**U.S. District Judge**

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 988 (D. Nev. 2005). Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence." *Knutson*, 358 F. Supp. 2d at 988 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus*, 980 F.2d at 567).

An action filed in state court may be removed to federal court only if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). This court has original subject matter jurisdiction over two types of cases. First, pursuant to 28 U.S.C. § 1331, this court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Second, pursuant to its diversity jurisdiction, the court may preside over suits between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).

Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

### III. Discussion

Gonzalez's notice of removal asserts that this court has federal question and supplemental jurisdiction because the plaintiffs brought three federal claims under the Securities Act of 1933 and eighteen state claims that form the same case or controversy. (ECF No. 1). However, in his response to plaintiffs' motion to remand, Gonzalez argues that while plaintiffs brought their claims under the Securities Act of 1933, they are actually seeking relief under the Securities Exchange

Act of 1934, which provides federal courts with exclusive subject matter jurisdiction.[3] (ECF No. 23).

Addressing the arguments contained in Gonzalez's notice of removal, plaintiffs argue that removal of this case was improper because all of plaintiffs' federal claims are brought under the Securities Act of 1933, which includes a non-removal provision. (ECF No. 7). Plaintiffs further maintain that since thirty days have passed since the initial filing of Gonzalez's notice of removal, Gonzalez cannot amend his notice to add a new basis for removal jurisdiction via his response to plaintiffs' motion to remand. (ECF No. 42).

The Securities Act of 1933 provides for concurrent jurisdiction but does not allow for the removal of claims filed in state court to a federal court. 15 U.S.C. § 77v(a) ("Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."); *F.D.I.C. v. Banc of Am. Sec. LLC*, No. 2:12-CV-532 JCM RJJ, 2012 WL 2904310, at *3 (D. Nev. July 16, 2012) ("the clear language of the [Securities Act of 1933] requires that this court remand the claims arising under [that] Act").

While a defendant may amend its notice of removal to correct "jurisdictional facts" after thirty days of the initial filing, a defendant may not amend its notice of removal "to add a separate basis for removal jurisdiction after the thirty day period." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000); 28 U.S.C. § 1653.

The non-removal provision contained in the Securities Act of 1933 mandates remand of claims brought under that Act. *F.D.I.C. v. Banc of Am. Sec. LLC*, No. 2:12-CV-532 JCM RJJ, 2012 WL 2904310, at *3 (D. Nev. July 16, 2012). Here, plaintiffs' federal causes of action are brought under the Securities Act of 1933. (ECF No. 1, Ex. A). Accordingly, they must be remanded to state court. As Gonzalez's arguments that this court has exclusive jurisdiction based upon the Securities

---

[3] The Securities Exchange Act of 1934 provides federal courts with exclusive jurisdiction over "violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." 15 U.S.C. § 78aa(a).

James C. Mahan
U.S. District Judge

- 4 -

Exchange Act of 1934 are time-barred, they will not be considered here.[4] Gonzalez relies on supplemental jurisdiction as the basis for removal of state court claims. (ECF No. 1). However, because this court does not have original jurisdiction over the plaintiffs' federal claims, it does not have supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367. Remand of the entire case is therefore appropriate.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that N5HYG, LLC and Nevada 5, Inc.'s motion to remand (ECF No. 7) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that this case be, and the same hereby is, REMANDED to the Eighth Judicial District Court for Clark County, Nevada.

The clerk shall close the case.

DATED June 7, 2018.

_____
UNITED STATES DISTRICT JUDGE

---

[4] As was the case in *ARCO Environmental Remediation*, Gonzalez's "amendment is more than a correction of a 'defective allegation of jurisdiction'" because he is not simply providing factual support for previously made legal arguments, but rather making entirely new legal arguments. *Compare Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839–40 (9th Cir. 2002) (allowing defendant to amend their notice of removal by including a demand letter from the plaintiff in its response to plaintiff's motion to remand in order to support the defendant's initial claim that the matter at controversy exceeded $75,000 and the court therefore had diversity jurisdiction) *with ARCO Envtl. Remediation*, 213 F.3d at 1117 (holding that defendant could not amend its notice of removal by asserting for the first time in its response to plaintiff's motion to remand that the court had supplemental jurisdiction or jurisdiction under the All Writs Act, which gives district courts in some circuits the authority to remove an otherwise un-removable case in extraordinary circumstances).

**James C. Mahan**
**U.S. District Judge**

- 5 -